

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN GREGORY REILLY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| TXU CORP. and TXU BUSINESS SERVICES COMPANY | § § § | 3:05CV81R |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

TO THE HONORABLE JUDGE OF THIS COURT:

This is an employment dispute concerning claims of race discrimination and retaliation arising under the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981. Plaintiff, John Gregory Reilly, alleges as follows:

### I. PARTIES, JURISDICTION AND VENUE

1.  Plaintiff John Gregory Reilly ("Reilly" or "Plaintiff") is a citizen and resident of Dallas, Dallas County, Texas.

2.  TXU Corp. is a Texas corporation authorized to and doing business in Texas and may be served by and through its registered agent for service, CT Corporation System, 350 N. St. Paul St., Dallas, Texas 75201.

3.  TXU Business Services Company is a Texas corporation authorized to and doing business in Texas and may be served by and through its registered agent for service, Peter B. Tinkham, 1601 Bryan Street, Energy Plaza, 41st Floor, Dallas, Texas 75201.

4. Upon information and belief, TXU Business Services Company is a wholly-owned subsidiary of TXU Corp. Upon information and belief, key aspects of Defendants' businesses such as aspects of their labor, employment, and human resources, are shared between the entities, with TXU Corp. overseeing and controlling material aspects of TXU Business Services Company, its subsidiary company. TXU Business Services Company and TXU Corp. are jointly and severally liable for the claims asserted herein (hereinafter these entities are jointly referred to as "TXU" or "Defendants").

5. This Court has jurisdiction over Reilly's claims pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1981. Venue in this district is proper under 28 U.S.C. § 1391(b). Reilly was employed by TXU in Dallas County, Texas.

## II. FACTUAL BACKGROUND

6. Reilly is a former employee of TXU. Reilly is Caucasian.

7. Reilly's employment with TXU began in November 1987. TXU discriminated against Reilly when it failed to promote him to Strategic Sourcing Manager in July 2002 because of his race, Caucasian.

8. In March 2002, Reilly applied for the Strategic Sourcing Manager position. At this time, Reilly's job title was Information Technology Sourcing Coordinator in TXU's Procurement Services Department.

9. Mary Gano (Senior Human Resources Representative) and Debbie Dennis (Senior Vice President of Procurement Services) initially interviewed Reilly on May 3, 2002. The new position would directly report to Dennis. On May 15, 2002, Dennis interviewed Reilly with

Genneyle Dillingham (Human Resources Representative) and a panel of TXU managers, which included Ben Ezzell, Bob Gentry, Jim Breland, Cheryl Stevens, and Ramon Mendes.

10. Ben Ezzell was Reilly's direct manager at the time of his interviews for the Strategic Sourcing Manager position.

11. On June 20, 2004, Reilly attended a meeting with Ezzell to discuss the status of certain information technology contracts. Ezzell changed the subject to discuss the May 2002 interviews. Ezzell told Reilly that the May 15, 2002 interview went very well and that Ezzell and the other managers were impressed with Reilly. Ezzell continued by explaining to Reilly that Dennis "has a diversity issue" and because Dennis was chair of the TXU Workforce Diversity Program, "it would not look right if Debbie had all white males reporting directly to her."

12. In July 2002, Dennis informed Reilly that he had not been selected for the Strategic Sourcing Manager position. Dennis told Reilly that she felt it was important to bring in someone "external" to TXU for the position. Dennis told Reilly that he had been performing well as I/T Sourcing Coordinator and to continue.

13. Later in July 2002, Dennis announced that Ayanna Clunis, an African-American female, would be the new Strategic Sourcing Manager.

14. TXU refused to promote Reilly to the Strategic Sourcing Manager position because he was Caucasian.

15. TXU notified Reilly in May 2004 that he would be terminated. TXU offered Reilly severance benefits if he signed an agreement releasing any claims against TXU. Reilly refused to sign the agreement and release.

16. After TXU terminated Reilly, he was subsequently employed by Capgemini Energy

L.P. ("Capgemini"). Reilly learned in October 2004 that TXU informed Capgemini that Reilly had not signed a TXU release when he left TXU. Randy Jennings, a Capgemini Human Resources Representative, told Reilly that Capgemini had received information from TXU that Reilly had not executed the TXU release.

17. TXU retaliated against Reilly for not signing the agreement which would have released his employment discrimination claims against TXU and informed Reilly's subsequent employer about Reilly's refusal to sign the TXU release.

18. Reinstatement is not feasible.

### III. CAUSES OF ACTION

**A.     Race Discrimination**

19. Reilly realleges and incorporates the allegations contained in Paragraphs 1 through 18 as if fully stated herein.

20. Defendants' actions as described above constitute unlawful discrimination on the basis of Reilly's race under 42 U.S.C. § 1981.

21. As a result of Defendants' discriminatory practices, Reilly has and will incur lost wages and benefits, for which he hereby sues.

22. As a further result of Defendants' discriminatory policies and practices, Reilly has suffered non-pecuniary losses, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, thereby entitling him to compensatory damages.

23. Defendants' actions were done with malice and/or with reckless indifference to Reilly's protected rights, thereby entitling him to punitive damages.

24. Reilly also seeks reasonable attorneys' fees and costs under 42 U.S.C. § 1988.

**B.   Unlawful Retaliation**

25. Reilly realleges and incorporates the allegations contained in Paragraphs 1 through 24 as if fully stated herein.

26. In addition to being racially discriminatory, Defendants' actions as described above also constitute unlawful retaliation under 42 U.S.C. § 1981. Specifically, TXU retaliated against Reilly by informing his subsequent employer that Reilly had not signed a release of any claims.

27. As a result of Defendants' retaliatory policies and practices, Reilly has and will incur lost wages and benefits, for which he hereby sues.

28. As a further result of Defendants' retaliatory policies and practices, Reilly has suffered non-pecuniary losses, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, thereby entitling him to compensatory damages.

29. Defendants' actions were done with malice and/or with reckless indifference to Reilly's state protected rights, thereby entitling him to punitive damages.

30. Reilly seeks reasonable attorneys' fees and costs under 42 U.S.C. § 1988.

### IV.   JURY DEMAND

Plaintiff requests a jury trial on all issues in this case.

### V.   PRAYER FOR RELIEF

WHEREFORE, Reilly requests that Defendants be summoned to appear and answer, and that on final trial, judgment be granted against Defendants awarding Reilly the following:

a.   Back pay, including but not limited to lost wages and other employment benefits;

b. Reinstatement, or in the event that reinstatement is not feasible, front pay with respect to all pay and benefits Plaintiff would have received but for Defendants' discrimination and retaliation;

c. Compensatory and punitive damages, in the maximum amount allowed by law;

d. Prejudgment and post-judgment interest, as allowed by law;

e. Attorneys' fees and costs of suit; and

f. Such other and further relief as this Court may deem proper.

Respectfully submitted,

GILLESPIE, ROZEN, WATSKY, MOTLEY & JONES, P.C.
3402 Oak Grove Avenue, Suite 200
Dallas, Texas 75204
Phone: (214) 720-2009
Fax:    (214) 720-2291

By_____
Hal K. Gillespie
State Bar No. 07925500
Karla S. Jackson
State Bar No. 24041172

ATTORNEYS FOR PLAINTIFF

215052

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
John Gregory Reilly

RECEIVED JAN 1 2 2005
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## DEFENDANTS
TXU Corp. And TXU Business Services Company

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Dallas
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Hal K. Gillespie, Karal S. Jackson
Gillespie, Rozen, Watsky, Motley & Jones, P.C.
3402 Oak Grove Ave, Suite 200
Dallas, Texas 75204  (214) 720-2009

ATTORNEYS (IF KNOWN)
3-05CV 0081R

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | HABEAS CORPUS: | FEDERAL TAX SUITS | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 530 General | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. § 1981

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Unliquidated
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY  JUDGE _____  DOCKET NUMBER _____

DATE: January 12, 2005
SIGNATURE OF ATTORNEY OF RECORD: /s/ Hal Gillespie

FOR OFFICE USE ONLY

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____