UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN GREGORY REILLY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:05-cv-0081-M |
| | § | |
| TXU BUSINESS SERVICES COMPANY, | § | |
| | § | |
| Defendant. | § | |

## COURT'S CHARGE TO THE JURY

Members of the Jury:

### GENERAL INSTRUCTIONS

You have heard the evidence in the case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you, the jury, are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case. The facts are for you to determine.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

1

The Plaintiff in this case is John Gregory Reilly and the Defendant is TXU Business Services Company. TXU Business Services is now known as EFH Corporate Services Company. For simplicity's sake, however, I will refer to the Plaintiff as "Reilly" and the Defendant as "TXU" throughout these instructions.

You must answer all questions from a "preponderance of the evidence." This means the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence means the amount of evidence that persuades you that a claim is more likely true than not true. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. Reilly has the burden of proof by a preponderance of the evidence on Question 1 below. TXU has the burden of proof by a preponderance of the evidence on Question 2 below.

You may have heard of the phrase "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this. You should therefore put it out of your minds.

You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose. You may consider such evidence only for the specific limited purposes for which it was admitted.

You are the sole judges of the credibility or believability of each witness and the weight to be given to his or her testimony. You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. You may be guided by the appearance and conduct

of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by any evidence contrary to the testimony.

In weighing the testimony of a witness, you should consider the witness's motive; any bias or prejudice the witness may have; the witness's demeanor or manner while testifying; the witness's relationship to Reilly or TXU; the witness's interest, if any, in the outcome of the case; the witness's manner of testifying; the witness's candor, fairness and intelligence; the witness's opportunity and ability to see or hear or know the things that the witness testified about; the quality of the witness's memory; and whether the witness's testimony has been supported or contradicted by other credible evidence. You may accept or reject the testimony of any witness in whole or in part.

A witness may be "impeached," or discredited, by a showing that the witness testified falsely concerning some important fact, or by evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial. If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact, or only with an unimportant detail. Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not

cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence, you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

In deciding the facts of this case, you must not be swayed by bias, prejudice, or favor as to any party. Our system of law does not permit jurors to be governed by prejudice, sympathy, or public opinion. The parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

## QUESTIONS AND SPECIFIC INSTRUCTIONS

Reilly's race discrimination claim is brought under the Civil Rights Act of 1866, 42 U.S.C. § 1981. This law makes it illegal for an employer to discriminate against an employee because of that employee's race.

### QUESTION NO. 1

Did Reilly prove by a preponderance of the evidence that TXU denied Reilly a promotion to the position of Strategic Sourcing Manager because of his race?

Answer "Yes" or "No."

_____No_____

### INSTRUCTIONS FOR QUESTION NO. 1:

Reilly claims that TXU failed to promote him because of his race. TXU denies Reilly's claim and contends that Reilly was denied the promotion because he was not the most qualified candidate for the position.

To prove discrimination, Reilly must prove by a preponderance of the evidence that TXU denied him the promotion because of his race. Reilly does not have to prove that race discrimination was the only reason TXU did not promote Reilly.

If you find that TXU has produced evidence of a legitimate, non-discriminatory reason for its actions, Reilly may nevertheless prove TXU illegally discriminated against him. He may prove that TXU's reason is false or unworthy of belief. If you disbelieve the reason that TXU has given for its decision not to promote Reilly, you may infer that TXU took the action with respect to Reilly because of his race, but you are not required to infer that.

You may not return a verdict for Reilly just because you might disagree with TXU's actions or believe them to be harsh or unreasonable. Under the law, employers are entitled to

make employment decisions for good reason, bad reason, or for no reason at all, so long as the decision is not motivated by an unlawful purpose, such as race discrimination. You should not second-guess TXU's decision or substitute your own judgment for its judgment, but you must determine if Reilly was denied the promotion of Strategic Sourcing Manager because of his race.

*If your answer to Question No. 1 was "Yes," then proceed to Question 2. Otherwise, this completes the Questions, and the Jury Foreperson should sign and date the verdict and return the Charge to the Court.*

QUESTION NO. 2

Did TXU prove by a preponderance of the evidence that, had TXU promoted Reilly from IT Sourcing Coordinator to Strategic Sourcing Manager, that promotion would have created a new and distinct relationship between TXU and Reilly?

Answer "Yes" or "No."

_____

INSTRUCTIONS FOR QUESTION NO. 2:

TXU must show, by a preponderance of the evidence, that the position of Strategic Sourcing Manager, to which Reilly sought to be promoted, differed fundamentally from his position as an IT Sourcing Coordinator so that it would have constituted a new and distinct relationship between TXU and Reilly.

To establish that the promotion to Strategic Sourcing Manager would have created a new and distinct relationship between TXU and Reilly, the promotion must have been more than a mere advancement to another rung on Reilly's career ladder. In deciding whether the promotion would have created a new and distinct relationship, you should compare Reilly's duties, any supervisory and other responsibilities he had, his compensation, and his benefits as IT Sourcing

7

Coordinator to those he would have had if he had been selected for the Strategic Sourcing Manager position. No one of these factors considered alone is determinative; instead, you should consider all of these aspects of the two positions to determine if a new and distinct relationship would have been created.

*This completes the Questions, and the Jury Foreperson should sign and date the verdict and return the Charge to the Court.*

## **FINAL INSTRUCTIONS**

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case. Remember that in a very real way you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you retire to the jury room to deliberate, you will be given this charge and the exhibits that the Court has admitted into evidence. Then select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial. After you have reached a unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form. Unless I direct you otherwise, do not reveal your answers until such time as you are discharged. Unless instructed otherwise, you are not to disclose your numerical division on any question.

I want to advise you that although our court reporter has taken down all of the testimony, it is not done in such a way that we can read back or furnish testimony to you at your request. Only when you have a specific disagreement as to a particular witness's testimony on a specific subject can we attempt to obtain that information for you.

If you want to communicate with me at any time, please give a written message to the Court Security Officer, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom. I will always first show the attorneys

your question and my response before I answer your question. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so. You may now retire to the jury room to conduct your deliberations.

**DATED**: June 16, 2011

_____
BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

## VERDICT OF THE JURY

We, the jury, have answered the above and foregoing questions as indicated, and herewith return the same into Court as our verdict.

Dated: June \_17\_, 2011.

_____
FOREPERSON